K. W. ROSS AND KAREN POWELL ROSS, HUSBAND AND WIFE; GEORGE D. YOUNG AND WILLIE PODESTA YOUNG, HUSBAND AND WIFE, APPELLEES AND CROSS-APPELLANTS, v. MURRAY NEWMAN, APPELLANT AND CROSS-APPELLEE.

291 N. W. 2d 228

Filed April 15, 1980. No. 42598.

John H. Cotton of Gaines, Otis, Mullen & Carta, for appellant.

Elizabeth Stuht Borchers and Gunderson, Abrahamson & Borchers, for appellees.

Heard before BOSLAUGH, McCOWN, CLINTON, and WHITE, JJ., and MARTIN, District Judge.

MARTIN, District Judge.

Appellant Murray Newman, the owner of a town-

house in Country Club Acres, a condominium regime in Omaha, Nebraska, installed a skylight in his townhouse. Other owners in the condominium sought injunctive relief against him for violation of the restrictive covenants of the condominium. The District Court for Douglas County, Nebraska, enjoined Newman from further violations of the covenants and ordered removal of the skylight. He appeals the decision and asserts that the covenants are vague and ambiguous; that the covenants were applied in an arbitrary and capricious manner; and that the violation, if any, was minor and did not warrant the remedy ordered.

The covenants in question here are section 5c:

No clustered residence will be altered, built, constructed, or otherwise maintained on any townhome lot without an express written approval executed by a majority of the owners of such townhome lots as to general appearance, exterior color or colors, harmony of external design and location in relation to surroundings and topography and other relevant architectural factors, location within townhome lot boundary lines, quality of construction, size, and suitability for clustered residential purposes . . . .

and paragraph 8:

*Modification, Revocation.* The covenants contained herein may be modified or revoked upon a majority vote of all townhome lot owners. Any Easement contained herein may be revoked in whole or in part by the grantee thereof, its successor or assign.

The evidence indicates that other owners objected verbally to Newman or his contractor to the installation of the skylight. Newman, through his attorney, attempted to seek the informal approval of the other coowners to installation of the skylight, but when this endeavor failed, went ahead with the installa-

tion. Previously, Newman had installed an exterior front door and bevelled glass window, and others in the condominium had expressed their individual tastes by installing a door knocker, different colored front doors, and a patio, all without a vote under the provisions of paragraph 8, above. At one time, TV antennas had been placed on two of the townhouses, but they had been removed.

Appellees, however, contend that the changes made by Newman to his townhouse were such "alterations" as would require a majority vote of the other owners and so constituted a breach of the covenants.

The question here is, is "altered" or "alteration" defined anywhere in the covenants so as to put Newman on notice that the skylight, bevelled window, etc., would be "alterations" requiring a majority vote of the owners?

We think not. The evidence indicates that the other coowners had different definitions of "alteration" in mind. The main assertion in their argument is that *any change* must be voted on. Black's Law Dictionary (5th ed. 1979) defines "alteration," in part, as "A change of a thing from one form or state to another . . . ." 3A C.J.S. *Alteration* at 263 (1973) states that an alteration of a building is "a change or substitution in a substantial particular of one part of a building for a building different in that particular . . . ."

No clear standard is set forth in these covenants as to what is meant by "alteration" and we feel that, in the absence of such a standard, the trial court should have found the covenants unenforceable. This court stated in *Hogue v. Dreeszen,* 161 Neb. 268, 73 N.W.2d 159 (1955), that a restrictive covenant is to be construed in connection with the surrounding circumstances, which the parties are supposed to have had in mind at the time they made it; the location and character of the entire tract of land; the

purpose of the restriction; whether it was for the sole benefit of the grantor or for the benefit of the grantee and subsequent purchasers; and whether it was in pursuance of a general building plan for the development of the property. Restrictions as to the erection or use of buildings will be construed, if possible, so as to effectuate the intention of the parties.

While the *Hogue* case involved the interpretation of covenants relating to erection of buildings, the same rule applies to the use of buildings.

In this instance, reference to the covenants as a whole shows that the intention of the framers of the covenants was to preserve the public appearance of the units. From the evidence, it is clear that the changes made by Newman do not change the form of the structure so as to contravene this intent.

The statutes and uniform course of procedure do not authorize payment of attorney's fees for appellees and same are denied.

REVERSED AND REMANDED WITH
DIRECTIONS TO DISMISS.

WHITE, J., concurs in result.
CLINTON, J., not voting.